UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ALEM TESFAMARIAN,<br><br>Defendant. | Criminal No. 08-55 (CKK) |

MEMORANDUM OPINION
(April 29, 2013)

Defendant Alem Tesfamarian is currently serving a sentence of 71 months imprisonment for conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base. Presently before the Court is the Defendant's *pro se* [29] Motion for Reduction of Sentence Pursuant to [] 18 U.S.C. § 3582(c)(2), which the Government opposes. Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court finds the Defendant is ineligible for a reduction of his sentence pursuant to section 3582(c)(2). Accordingly, the Defendant's motion is DENIED.

I. BACKGROUND

The Defendant was charged by indictment with two counts of unlawful distribution of 5 grams or more of cocaine base and one count of unlawful distribution of 50 grams or more of cocaine base. Indictment, ECF No. [1]. The Defendant subsequently pled guilty to count one of the superseding information, namely conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846. For sentencing purposes, the Defendant was accountable for at least 4.5 kilograms of cocaine base. Presentence Investigation

---

[1] Def.'s Mot., ECF No. [29]; Gov't's Opp'n, ECF No. [36].

Report ("PSR") ¶ 14.  The Defendant's base offense level was 38, adjusted to a total offense level of 33.  *Id.* at ¶ 27.  With a criminal history category of I, the Defendant's applicable guidelines range was 135 to 168 months, with a 10 year mandatory minimum sentence.  *Id.* at ¶¶ 61-62.  Pursuant to 18 U.S.C. § 3553(f) and United States Sentencing Guideline § 5C1.2(a)(l-5), the Court found the Defendant was eligible for a sentence below the statutory mandatory minimum, and sentenced the Defendant to 71 months incarceration on August 11, 2010.

Enacted in 2010, the Fair Sentencing Act increased the amount of cocaine base necessary to trigger various mandatory minimum sentences.  Pub. L. 111-220, 124 Stat. 2372 (Aug. 3, 2010); *see* 21 U.S.C. § 841(b)(1) (2013).  The United States Sentencing Commission subsequently revised the sentencing guidelines for crack cocaine offenses to reflect the increased quantities necessary to trigger various mandatory minimums.  U.S.S.G. App. C, amend. 750.  The United States Probation Office indicated that under the revised guidelines, the Defendant's base offense level is now 31, with an applicable guideline range of 108 to 135 months.  Probation Mem., ECF No. [33].  The Defendant now moves to reduce his sentence.

## II. DISCUSSION

Section 3582(c) of Title 18 of the United States Code provides that the Court may modify a term of imprisonment once imposed under three circumstances: (1) upon motion by the Director of the Bureau of Prisons; (2) to the expressly permitted by statute or Federal Rule of Criminal Procedure 35; or (3) where the applicable sentencing guideline range has been retroactively lowered by the Sentencing Commission.  Only the third scenario is at issue in this case, 18 U.S.C. § 3582(c)(2), which provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Although section 3582(c)(2) authorizes the Court to "reduce an otherwise final sentence that is based on [an] amended [sentencing guideline] provision," any such reduction "must be consistent with applicable policy statements issued by the Sentencing Commission." *Dillon v. United States*, 130 S. Ct. 2683, 2688 (2010).

The relevant policy statement is section 1B1.10 of the sentencing guidelines, which provides that "[e]xcept as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection." U.S.S.G. § 1B1.10(b)(2)(A); *Dillon* 130 S. Ct. at 2688 ("Except in limited circumstances, however, § 1B1.10(b)(2)(A) forecloses a court acting under § 3582(c)(2) from reducing a sentence to a term that is less than the minimum of the amended guideline range.") (citation omitted). Subdivision B provides that the Court may only reduce a defendant's sentence below the amended range "[i]f the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities." U.S.S.G. § 1B1.10(b)(2)(B).

In this case, the Government declined to file a substantial assistance motion. The Defendant was sentenced to a term of imprisonment below the applicable guideline range (and statutory mandatory minimum) under the safety valve provision, § 5C1.2(a)(l-5), rather than the substantial assistance provision, § 5K1.1. The Defendant's original sentence of 71 months is

well below both the original guideline range (135 to 168 months) and the amended guideline range (108 to 135 months). Any further reduction of the Defendant's sentence would be inconsistent with the applicable policy statements issued by the Sentencing Commission, and therefore is not permitted by 18 U.S.C. § 3582(c)(2).

### III.  CONCLUSION

For the foregoing reasons, the Court finds the Defendant is not eligible for a reduction of his current sentence. The 2010 amendments to the sentencing guidelines reduced the Defendant's applicable guideline range. However, because the Defendant was sentenced below both the original and amended guideline ranges, the relevant Sentencing Commission policy statement precludes a reduction of the Defendant's sentence. Therefore, the Defendant is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2), and the Defendant's [29] Motion for Reduction of Sentence Pursuant to [] 18 U.S.C. § 3582(c)(2) is DENIED. An appropriate Order accompanies this Memorandum Opinion.

   _/s/_
**COLLEEN KOLLAR-KOTELLY**
UNITED STATES DISTRICT JUDGE